[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON SUMMARY JUDGMENT
The motions for summary judgment stem from a complaint filed by the plaintiffs William Gaudet ("Gaudet") and Eileen Gaudet ("mother of Gaudet") against Nicholas Wocl (Administrator of the estate of James Robinson), Stephen Chilinsky and John Leone. The complaint seeks damages for injuries sustained by Gaudet in an automobile crash. The complaint alleges that the automobile driven by an intoxicant, Robinson, who died as a result of the crash. The complaint charges that the owner of the automobile, Chilinsky, negligently allowed Robinson to operate the vehicle. The complaint further charges that Leone, owner of the house at which Robinson and Gaudet were present prior to the accident, is liable, inter alia, for providing alcoholic beverages for Robinson, a minor.
At issue are the motions for summary judgment of defendants Chilinsky and Leone. Those motions rely heavily upon testimony given in a previous action, Gaudet v. Safeco Insurance Company, (CV88 0259635).
The plaintiff filed a memorandum of law in opposition to Leone's motion for summary judgment on October 17, 1991, and in opposition to Chilinsky's motion on December 11, 1990.
The question facing this court is whether testimony from a prior hearing in a separate action, (Gaudet v. Safeco Insurance Company), is admissible for purposes of considering the motion for summary judgment. "Evidence of a witness' testimony at a prior proceeding may be received in a pending proceeding as an exception to the hearsay rule if certain requirements are met . . . [o]ne of the requirements . . . is that the witness whose testimony is sought be presently unavailable." Tait and LaPlante's Handbook of Connecticut Evidence, 2nd ed., 11.2.1-11.4.2 (1988). (Emphasis added). "Proof of unavailability is required and can be established by a showing of the witness' death, his mental CT Page 5142 incompetency, or his absence from the jurisdiction." Id., 11.4.2. (Emphasis added).
Since the fundamental requirement of unavailability has not even been put in issue, the testimony from the previous proceeding is inadmissible hearsay. It is further noted that the litigants in the present matter could have easily brought testimony which they deemed relevant before this court via affidavits. Practice Book 380 gives liberal opportunity for parties to a summary judgment motion to enter evidence via affidavit, and this opportunity has not been taken. See, e.g., Duhaime v. American Reserve Life Insurance Company, 200 Conn. 360, 363, 511 A.2d 333 (1986).
The prior testimony is inadmissible hearsay and cannot be used for purposes of considering the motions for summary judgment. Accordingly, the motions are denied, since the movants have not put sufficient evidence forward to show that they are entitled to summary judgment.
WILLIAM J. McGRATH, JUDGE